# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MARION

| | |
|---|---|
| **AMBER CORDRY-MARTINEZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON ARMY NATIONAL GUARD**, an Oregon state agency, **THEODORE SANTOYO**, an individual, in his individual and official capacities,<br><br>Defendant. | Case No. 17CV11590<br><br>**COMPLAINT**<br><br>1. Unlawful Discrimination Under ORS 659A.030<br>2. Unlawful Retaliation Under ORS 659A.199 and ORS 659A.203<br>3. Wrongful Discharge<br>4. Violation of 42 U.S.C. § 1983<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer Amount: $988,500<br><br>Filing Fee Pursuant to ORS 21.160(1)(c): $531.00<br><br>JURY TRIAL DEMANDED |

Plaintiff Amber Cordry-Martinez ("Plaintiff") respectfully alleges as follows:

## I. INTRODUCTION

1.

This disputes stems from the systematic discrimination against women at the Oregon Army National Guard (the "Guard"). Male managers and supervisors at the Oregon Guard have long-believed that women have no place in the armed services and that this honorable area of service should remain a male-dominated institution. For over four years, Plaintiff experienced harassment, the denial of advancement opportunities, and, ultimately, a wrongful termination. This lawsuit follows.

## II. THE PARTIES

2.

Plaintiff is an individual residing in Clackamas County, Oregon.

3.

The Guard is an agency of the State of Oregon.

4.

Theodore Santoyo ("Santoyo") was and is an individual residing in, on information and belief, both Jackson County, Oregon and Marion County, Oregon. Santoyo supervised Plaintiff and acted in the course and scope of his employment by the Guard during the discriminatory, retaliatory, and wrongful acts alleged herein. Santoyo is sued herein in his individual and official capacities.

5.

The Guard and Santoyo are referenced collectively herein as "Defendants" or "the defendants."

## III. FACTUAL ALLEGATIONS COMMON TO MULTIPLE CLAIMS

### A. Plaintiff's Employment at the Guard

6.

Plaintiff began working for the Guard on April 12, 2007. Plaintiff excelled in her role in all material respects, both in performing her normal responsibilities and interacting well with her co-

Cordry-Martinez v. Oregon Army National Guard,
Case No. 6:17-CV-00663

Att. 3, Page 2 of 12

workers. She received numerous awards and accolades and, based on her excellent performance, received appointments to prestigious positions within the Guard.

7.

The Guard is a federally-mandated organization under the control, supervision, and authority of the state of Oregon. The Guard receives certain support from the federal government, including funding and equipment, among other things.

8.

During Plaintiff's employment, the Guard partnered with certain local law enforcement in the State of Oregon to help to locate and eliminate certain elicit marijuana growing operations with the help of funds and assets from the federal government.

9.

Plaintiff was stationed in the Guard's primary facility in Marion County, and until 2012, Santoyo worked in the field with local law enforcement.

10.

In or around mid-2012, after numerous complaints about Santoyo's actions in the field, and a failed attempt to oust him from the Guard, he was transferred to the Guard's Marion County facility. He then began exercising supervisory authority over Plaintiff.

**B.**     **Plaintiff is Harassed**

11.

Santoyo's aggressive and abrasive personality pervaded the workplace and began to make it extremely difficult for Plaintiff and her co-workers to perform their responsibilities.

12.

More than poor management and people skills, Santoyo began actively harassing the women of his workplace.

13.

When he initially began supervising Plaintiff in 2012, Santoyo's comments were relatively innocuous; he would criticize women who did not wear their blouses because of the facility's heat, for example, but not men who also walked around in their undershirts.

14.

The situation steadily and severely degraded shortly thereafter. Santoyo made repeated comments denigrating women. He specifically expressed his belief that the Guard should "get rid of all women," and that it should be an all-male operation. Santoyo told Plaintiff's male co-workers that he wanted to "get rid of those c***s," using a highly offensive derogatory term towards women. Santoyo even apologized to male Guard employees for having to "work with those bitches" in the workplace.

15.

Plaintiff complained to her boss about this behavior, and her boss complained even higher up the management chain; Plaintiff was told that nothing could be done to remove Santoyo because of the prior unsuccessful attempt to terminate his employment.

16.

Plaintiff filed a formal complaint within the Guard about Santoyo's misconduct. Santoyo's friend, Michael Bieniewicz, was appointed to perform the investigation. Bieniewicz failed to investigate Plaintiff's allegations by, for example, refusing to interview Plaintiff or, on information and belief, her witnesses and by blindly accepting Santoyo's version of events as true. Plaintiff's complaints went unanswered.

C. **Defendants Terminate Plaintiff**

17.

Plaintiff was terminated effective September 2015. Plaintiff was told she was being terminated for "budgetary reasons." However, the Guard's budget had not materially changed and funding still existed for Plaintiff's position.

18.

These cited reasons are false and a pretext for the Guard's actual reasons. The actual reasons surrounded Plaintiff's gender and her repeated complaints about the climate against women at the Guard generally and against Santoyo specifically. Plaintiff was terminated because of Santoyo's sexist campaign against women and Plaintiff's decision to stand up for her rights by complaining about Santoyo's improper harassment and discrimination.

19.

To be consistent with the Guard's pretextual reasons to terminate her employment Plaintiff was told that she was on a "short-list" – that she would be re-hired by the Guard as soon as practicable.

20.

Despite these assurances of an easy and quick re-hire, Plaintiff applied to numerous positions, including three within the year prior to the filing of this complaint, and was not hired. Plaintiff was not hired because of her prior complaints and because of the Guard's increasingly sexist climate.

## IV. DAMAGES

21.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, benefits, job opportunities, and other employment benefits, in an amount to be determined at trial and which continues to accrue. This amount, at the time of the filing of this complaint, is estimated to be approximately $36,000, and increases at a rate of approximately $2,000 per month. Plaintiff also lost certain retirement benefits, currently estimated at approximately $352,500.

22.

As a direct and proximate cause of the defendants' actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial, but not exceeding $600,000.

23.

Plaintiff respectfully places the defendants on notice that Plaintiff intends to move the Court to amend this complaint to seek punitive damages if and when admissible evidence supporting such damages is discovered.

24.

Plaintiff also seeks reasonable attorneys' fees and costs in an amount to be proven at trial.

V. **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Against All Defendants)**

**(Discrimination on the Basis of Sex Under ORS 659A.030)**

25.

Plaintiff incorporates paragraphs 1 through 24 by reference as though set forth fully herein.

Defendants subjected Plaintiff to a hostile work environment through numerous harassing comments, behavior, and actions.

26.

The defendants' conduct had the purpose and effect of creating an intimidating, hostile, and offensive working environment, and had the effect and purpose of unreasonably interfering with Plaintiff's work. The conduct adversely affected Plaintiff's employment opportunities and, ultimately, caused her termination and inability to obtain a new position with the Guard, even though she was by far the most qualified.

27.

With malice and/or reckless disregard, the Guard discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex. Santoyo aided, abetted, and/or incited the unlawful discrimination against Plaintiff alleged herein.

28.

As a result of these actions, Plaintiff seeks an award of damages and fees as alleged in paragraphs 21 through 24, including but not limited to attorney fees.

## SECOND CLAIM FOR RELIEF

## (Against All Defendants)

## (Retaliation Under ORS 659A.199 and 659A.203)

29.

Plaintiff incorporates paragraphs 1 through 28 by reference as though set forth fully herein.

30.

The defendants retaliated against Plaintiff for complaining about Santoyo's harassment and discrimination by terminating her employment and refusing to hire her thereafter.

31.

This retaliation impacted the terms, conditions, and/or privileges of Plaintiff's employment.

32.

The defendants retaliated against Plaintiff by taking adverse employment actions against her, namely termination and failure to hire her to a new position, even though she was by far the most qualified. Santoyo aided, abetted, and/or incited the unlawful retaliation against Plaintiff alleged herein.

33.

As a result of these actions, Plaintiff seeks an award of damages as alleged in paragraphs 21 through 24, including but not limited to attorney fees.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants)

### (Wrongful Discharge)

34.

Plaintiff incorporates paragraphs 1 through 24 by reference as though set forth fully herein.

35.

The Guard intentionally created or maintained a hostile work environment to which Plaintiff was subjected, and ultimately terminated her because of her protected activity and gender.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants)

### (Violation of 42 U.S.C. § 1983)

36.

Plaintiff incorporates paragraphs 1 through 35 by reference as though set forth fully herein.

37.

Defendants deprived Plaintiff of her right to Equal Protection to the law under the Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

38.

Defendants' deprivation of Plaintiff's Equal Protection rights was pursuant to the custom, policy, and practice of the Guard.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Economic damages against the defendants as alleged in paragraphs 21,

2. Non-economic damages against the defendants as alleged in paragraph 22,

3. Attorney fees and costs as allowed by law, as well as prejudgment and post-judgment interest, and

4. Any other relief the Court deems just and equitable.

Dated this 16th day of March, 2017.

**FARGEY LAW PC**


By: /s/ Micah D. Fargey

Micah D. Fargey, OSB No. 096814
micah@fargeylaw.com

Attorneys for Plaintiff
**Amber Cordry-Martinez**

# AFFIDAVIT OF SERVICE

State of OREGON     County of MARION     Circuit Court

Case Number: 17CV 11590

Plaintiff:
**AMBER CORDRY-MARTINEZ an individual**
vs.
Defendant:
**OREGON ARMY NATIONAL GUARD an Oregon state agency**
**THEODORE SANTOYO an individual in his individual and official capacities**

Received by Ace Messenger Service, Inc. to be served on **OREGON ARMY NATIONAL GUARD, OREGON MILITARY DEPARTMENT, 1776 MILITIA WAY SE, SALEM, OR 97309**.

I, Rhonda Rowell, being duly sworn, depose and say that on the **27th day of March, 2017** at **9:57 am**, I:

served the within named **Summons and Complaint** by leaving a true copy with **TIMOTHY TOMPKINS**, the person who is apparently in charge of the office of the within named corporation. I hereby certify that on 03-28-2017 I mailed a certified true copy of the above named documents to the defendant after substitute service was made stating date, time and place of service.

I hereby certify that I am a competent person over the age of eighteen years, a resident of the State of Oregon; and not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise, in the within entitled action.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS DAY the 28th day of March, 2017

NOTARY PUBLIC FOR OREGON

OFFICIAL STAMP
ELAINE CAROL DUNLAP
NOTARY PUBLIC-OREGON
COMMISSION NO. 931758
MY COMMISSION EXPIRES AUGUST 26, 2018

Rhonda Rowell

Ace Messenger Service, Inc.
P.O. Box 231149
Tigard, OR 97281
(503) 521-0438

Our Job Serial Number: ECD-2017000879

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| AMBER CORDRY-MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON ARMY NATIONAL GUARD**, an Oregon state agency, **THEODORE SANTOYO**, an individual, in his individual and official capacities,<br><br>Defendant. | Case No. 17CV11590<br><br>**SUMMONS** |

**NOTICE TO DEFENDANT:**

**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

1 – SUMMONS

FARGEY LAW pc
7455 SW Bridgeport Road, Suite 220, Portland, Oregon 97224
(503) 946 9426 (o) | (503) 342 8332 (f)

http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Dated this 20th day of January, 2017.

By: /s/ Micah D. Fargey

Micah D. Fargey, OSB No. 096814
micah@fargeylaw.com

**Attorney for Plaintiff**

2 – SUMMONS

FARGEY LAW pc
7455 SW Bridgeport Road, Suite 220, Portland, Oregon 97224
(503) 946 9426 (o) | (503) 342 8332 (f)