IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMBER CORDRY-MARTINEZ, an individual person,

    Plaintiff,

v.

OREGON ARMY NATIONAL GUARD, an Oregon State Agency, and THEODORE SANTOYO, an individual, in his individual and official capacities.

    Defendant.

Case No. 6:17-cv-00663-MC

OPINION AND ORDER

MCSHANE, Judge:

    The United States of America moves to substitute the United States as Defendant in place of the Oregon Army National Guard and Theodore Santoyo in his official capacity.[1] Because Amber Cordry-Martinez and Theodore Santoyo were federal employees and acted within the

---

[1] The United States does not seek to substitute itself for any claims against Theodore Santoyo in his individual capacity.

scope of their employment when the alleged violations occurred, the motion to substitute is GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Throughout the relevant period beginning mid-April 2012 until September 30th, 2015, Cordry-Martinez and her supervisor, Theodore Santoyo, were members of the Oregon Army National Guard (Guard). *See* ECF 1-3, State Ct. Compl., at 3. They were stationed at the Guard's primary facility in Marion County and served on the Guard's counter-drug task force (task force). *Id.* at 4. The task force collaborates with local law enforcement in their mission of locating and eradicating illegal marijuana growth in Oregon. *Id.* During the relevant period, Cordry-Martinez and Santoyo were ordered to Full Time National Guard Duty (FTNGD) to provide operational support to the counter drug mission pursuant to 32 U.S.C. § 502(f). *See* ECF 1-1, Cordry-Martinez Active Duty Orders, at 1-21; ECF 1-2, Santoyo Active Duty Orders, at 1-16. On March 16th, 2017, Cordry-Martinez brought a civil action in Marion County Circuit Court against the Guard and Santoyo alleging various violations including: unlawful discrimination, unlawful retaliation, wrongful discharge and a violation of 42 U.S.C. § 1983. On April 27th, 2015, on behalf of the defendants and pursuant to 28 U.S.C §§ 1441-1446 , Billy Williams, the U.S. Attorney for the District of Oregon, removed the case to this court certifying that Cordry-Martinez and Santoyo were acting within their scope of employment with the United States Army (U.S. Army) when the alleged violations occurred. *See* ECF 1, Notice of Removal, at 1-3. This motion to substitute followed.

## STANDARD OF REVIEW

An Attorney General's decision to certify that a Federal employee was acting within the scope of his employment when he committed an alleged violation is subject to judicial review.

*Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 430 (1995). The district court reviews the Attorney General's scope of employment certification de novo. *Thompson v. United States*, 2014 WL 1652605 at * 2 (D. Haw. April 22, 2014). The moving party bears the burden of proving beyond the preponderance of evidence that the Attorney General's decision to grant or deny scope of employment certification should be affirmed or reversed. *Id*. Once this Court affirms the Attorney General's scope of employment certification, the United States is substituted in as the defendant. *Id.*

## DISCUSSION

Here, the U.S. attorney, representing the Attorney General, certified that both Cordry-Martinez and Santoyo were employed by the U. S. Army and acted within the scope of their employment when the alleged violations occurred. *See* Motion to Substitute at 2.

### I. Cordry-Martinez and Santoyo were employees of the United States Army

Cordry-Martinez argues that as members of the Guard, she and Santoyo were state employees because they were not under the authority of the federal military. *See* ECF 9, Resp. at 2. Cordry-Martinez does not dispute that she and Santoyo were ordered to FTNGD pursuant to 32 U.S.C. § 502(f) when the alleged violations occurred[2]. *See* ECF 9, Resp. at 2. 32 U.S.C. § 502(f) authorizes the U.S. Army to order members of the National Guard to perform training or other duties with or without the members' consent, as well as with or without pay.

---

[2] There is an approximately four month period (non-continuous) when the Plaintiff was possibly not under federal authority but was still a member of the Oregon Guard. We don't know whether any of the alleged violations occurred during that period and Cordry-Martinez has not alluded to any particular period in her briefs. Nonetheless, the evidence shows that Santoyo was under federal authority (32 U.S.C. § 502(f)) at all times when he supervised Cordry-Martinez. Therefore, even if some of the violations occurred during that four month period, the outcome of the motion to substitute would not change.

State National Guard personnel operating under orders pursuant to 32 U.S.C. § 502(f) are at best dual federal-state employees. *United States ex rel. Conover v. Anthony*, 731 F.Supp.2d 257, 264 ( D. Md. February 9, 2011) (citing *Matreale v. New Jersey Dept. of Military and Veteran Affairs*, 487 F.3d 150, 156-157 (3rd Cir. 2007)). It is also well established that the federal government's supremacy over the states with regards to military affairs mandates that a member of any state National Guard who is ordered to federal active duty service be relieved of his status in the state National Guard for the duration of his federal service. *Perpich v. Department of Defense*, 496 U.S. 334, 346 (1990). Likewise, the court in *Matreale* held that even when not in federal active duty service, "a state guardsman serving under orders issued pursuant to Title 32, whether serving under §502(a) or §502(f), has and retains his federal status, along with his state status . . . .", 487 F.3d at 156. These cases align with the plain language of 28 U.S.C. § 2671, which states an "'Employee of the Government' includes . . . members of the National Guard while engaged in training or duty under section . . . 502 . . . of title 32 . . . ." Because Cordry-Martinez and Santoyo were ordered to FTNGD by the U.S. Army pursuant to 32 U.S.C. 502 (f) when the alleged violations occurred, they were federal employees.

Cordry-Martinez further argues that she and Santoyo worked for the state counter-drug task force and thus were not federal employees because the law providing for the task force's underlying funding precluded Guard personnel within the federal service from engaging in counter-drug operations. *See* ECF 9, Resp. at 5; 32 U.S.C. § 112. However, as an exception to that same law, Guard members ordered to FTNGD pursuant to 32 U.S.C. § 502(f), can engage in counter drug activities. 32 U.S.C. § 112(b). Thus, members of a state National Guard who are in federal service can engage in counter-drug activities. *Id.* Accordingly, because Cordry-Martinez

and Santoyo were in federal service pursuant to 32 U.S.C. § 502(f), they were not precluded from engaging in counter-drug activities.

## II. Cordry-Martinez and Santoyo as employees of the United States acted within the scope of their employment

Having determined above that the Cordry-Martinez and Santoyo were federal employees, to succeed in its motion to substitute, the United States must prove by a preponderance of the evidence that they acted within the scope of their employment when the alleged violations occurred. *Thompson*, 2014 WL 1652605 at* 3. When deciding a scope of employment question, this Circuit applies the law of the state where the alleged violation occurred. *Schwarder v. United States*, 974 F.2d 1118, 1125 (9th Cir. 1992) (citing *Williams v. United States*, 350 U.S. 857, 857 (1955) (*per curiam*)). Because Santoyo's alleged violations occurred in Oregon, this Court applies Oregon Law to determine whether Santoyo acted within the scope of his employment. *Id.*

The Oregon Supreme Court applies the Restatement (second) of Agency § 228 when determining whether an employee acted within the scope of his employment. *Stanfield v. Laccoarce*, 284 Or. 651, 655 (1978) (citing *Gossett v. Simpson*, 243 Or. 16, 24 (1966)). According to the restatement, an employee was acting within the scope of his employment if: (1) the conduct occurred substantially within the time and space limits authorized by the employment; (2) the employee was motivated, at least partially by a purpose to serve the employer; and (3) the act is of a kind which the employee was hired to perform. Restatement (second) of Agency § 228; *Stanfield*, 284 Or. 651, 655.

The crux of Cordry-Martinez's complaint is that defendants violated her constitutional rights by wrongfully discharging her in retaliation for complaints about discrimination in the workplace. *See* ECF 1-3, State Ct. Compl., at 2. Cordry-Martinez alleges that when she worked at the Guard's facility under Santoyo's supervision, Santoyo regularly made denigrating

5

comments against women, creating a hostile work environment for herself and other women. *See* ECF 1-3, State Ct. Compl., at 4. For example, Santoyo criticized women who did not wear blouses because of the heat in the office, but not men who walked around in their undershirts. *Id.* Cordry-Martinez also alleges that Santoyo expressed his desire to rid the Guard of all women and apologized to his male colleagues for having to deal with women in the workplace. *Id.*

Because throughout the alleged violations, Cordry-Martinez and Santoyo were engaged in the duties they were hired to perform within the authorized time and space limits of that employment, they acted within the scope of employment under Oregon law. *Gossett*, 243 Or. at 23-24. Santoyo's actions took place within the workplace, while he was performing his supervisory duties over Cordry-Martinez. ECF 1-3, State Ct. Compl., at 2. Cordry-Martinez was also at the workplace performing her duties as expected when the alleged violations occurred. *Id.* Accordingly, Cordry-Martinez and Santoyo acted within their scope of employment as federal employees.

## CONCLUSION

Because Cordry-Martinez and Theodore Santoyo were federal employees acting within the scope of their employment when the alleged violations occurred, the U.S. Attorney's motion to substitute is GRANTED.

IT IS SO ORDERED.

DATED this 20th day of October, 2017.

              ____/s/Michael J. McShane_____
                Michael J. McShane
               United States District Judge